**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4771**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERETTA TROY HOOKS, a/k/a Memphis, a/k/a B.T.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:08-cr-00119-REP-1)

Submitted: May 24, 2010               Decided: June 11, 2010

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel P. Simpson, V, MONTGOMERY & SIMPSON, LLLP, Henrico, Virginia, for Appellant. Sara Elizabeth Chase, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beretta Troy Hooks appeals the district court's order revoking his supervised release and sentencing him to twelve months of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal.[*] Counsel questions, however, whether Hooks received a reasonable sentence. Hooks was advised of his right to file a pro se supplemental brief but did not do so. Finding no reversible error, we affirm.

Based upon the Grade C supervised release violations and Hooks' criminal history category of IV, the advisory guidelines range was six to twelve months of incarceration. The district court sentenced Hooks to twelve months, the top of the advisory sentencing guidelines range. Our review of the record leads us to conclude that the district court sufficiently considered the statutory factors and explained its reasons for imposing the twelve-month sentence. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Thompson, 595 F.3d 544, 546-47 (4th Cir. 2010). We therefore find that the sentence

---

[*] Hooks' counsel suggests that there are no meritorious issues for appeal in light of the waiver-of-appellate-rights provision in the plea agreement. Because the Government has not sought enforcement of the waiver, we may conduct our review pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

imposed upon revocation of supervised release is not plainly unreasonable. See Thompson, 595 F.3d at 546-47 (providing standard); see also United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall, whether a sentence is 'unreasonable.'").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. This court requires that counsel inform Hooks, in writing, of the right to petition the Supreme Court of the United States for further review. If Hooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hooks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED